IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ivan Galarza, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 8518 |
| | ) | |
| Palisades Collection, LLC, a Delaware | ) | |
| limited liability company, and Leading | ) | |
| Edge Recovery Solutions, LLC, an | ) | |
| Illinois limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ivan Galarza, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.  Plaintiff, Ivan Galarza ("Galarza"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed for a Heritage Chase credit card, which was then allegedly owed to a bad debt buyer, Palisades Collection, LLC.  These collection actions took place despite the fact that he

had told the Defendants that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Palisades operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Palisades was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Palisades is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its offices in Chicago, Illinois, LERS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Palisades and LERS are each authorized to conduct business

in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, both Palisades and LERS conduct business in Illinois.

8.　　Moreover, Defendants Palisades and LERS are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, both Palisades and LERS act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.　　Mr. Galarza is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Heritage Chase credit card. At some point in time after that debt became delinquent, Defendant Palisades bought Mr. Galarza's Heritage Chase debt.  When Defendant Palisades began trying to collect this debt from him, by having another debt collector, NCO Financial Systems, Inc. ("NCO"), send him an initial collection letter, dated September 1, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.  A copy of this September 1, 2010 collection letter is attached as Exhibit C.

10.　　Accordingly, on October 27, 2010, one of Mr. Galarza's attorneys at LASPD informed Defendant Palisades, in writing through NCO, that Mr. Galarza was represented by counsel, and directed Defendant Palisades to cease contacting him, and to cease all further collection activities because Mr. Galarza was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, despite being advised that Mr. Galarza was represented by counsel and refused to pay the debt, Defendant Palisades had Defendant LERS send Mr. Galarza a collection letter, dated August 12, 2011, which demanded payment of the Heritage Chase debt.  A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on September 9, 2011, Mr. Galarza's attorneys at LASPD had to inform Defendants again that they must cease collections and cease communications.  Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Galarza's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Mr. Galarza was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Galarza was represented by counsel, and had demanded a cessation of communications with Mr. Galarza.  By directly sending Mr. Galarza a collection letter, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Ivan Galarza, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Galarza, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ivan Galarza, demands trial by jury.

    Ivan Galarza,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: November 30, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com